UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- x
JUSTO CASTILLO, on behalf of himself : Civil Action No. 18-936
and others similarly situated, :
 :
        Plaintiffs, :
 - against - : **COLLECTIVE AND CLASS ACTION**
 : **COMPLAINT WITH JURY DEMAND**
MASSARO ELECTRIC CORP. and :
JOHN MASSARO :
 :
        Defendants :
------------------------------------------------- x

1.  Plaintiff JUSTO CASTILLO, individually and on behalf of all others similarly situated, by his attorney, Mohammed Gangat, Esq., respectfully alleges as follows upon information and belief:

## NATURE OF THE ACTION

2.  This is a collective and class action brought by Class Representative Plaintiff Justo Castillo ("Castillo") on behalf of himself and all members of the proposed collective and class, as defined below (collectively, "Plaintiffs") who work or have worked for MASSARO ELECTRICAL CORP. ("Massaro Electrical" or the "Corporate Defendant") within the applicable time frames.

3.  The Corporate Defendant owned and operated by Defendant JOHN MASSARO (collectively, Corporate Defendant and JOHN MASSARO are the "Defendants"). The Defendants provide residential, commercial, and industrial electrical services in the New York tristate area.

4.  Plaintiff was employed by Defendants as an electrician who was paid on an hourly basis and whose duties included, but were not limited to, installing, maintaining, and troubleshooting electrical wiring systems ("Electricians")

5.  Electricians perform similar job duties, are subject to the same employment

policies, practices and procedures, and are directed by Defendants on how to perform their work.

6. Plaintiff Castillo brings this action on behalf of himself and all similarly situated current and former Electricians who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff Castillo and all similarly situated employees of their lawful earned wages.

7. Plaintiff Castillo brings this action on behalf of himself and all similarly situated current and former Electricians who are members of the putative class set forth herein pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6 §§ 190 *et seq.* and Article 19, §§650 *et seq.* and the supporting New York State Department of Labor Regulations.

## *THE PARTIES*

**Plaintiff**

8. Castillo is an individual who resides in 879 Nassau Blvd, Uniondale, NY 11553 County, New York.

9. At all times herein pertinent, and in the course of his duties, Castillo regularly handled products which had been moved in commerce, including, but not limited to, voltage testers, pliers, and wire strippers.

10. Castillo was employed by the Defendants as an Electrician, from in or about March 2015 until on or about February 9, 2018.

11. Castillo is a covered employee within the meaning of the FLSA and NYLL.

12. A written consent form to file this action and be part of a collective action by Castillo is being filed with this Collective and Class Action Complaint.

**Defendants**

13. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14. Defendants have employed and/or jointly employed Castillo and similarly situated employees at all times herein pertinent.

15. Defendants have had substantial control over Castillo's as well as similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

*Massaro Inc.*

16. Defendant Massaro Electric Corp. is a domestic business corporation whose principal place of business is located at 879 Nassau Road, Uniondale, NY 11553.

17. Massaro Electric is owned and operated by Defendant JOHN MASSARO

18. Massaro Electric is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiff and similarly situated employees.

19. At all times herein pertinent, Massaro Electric maintained control, oversight, and direction over the Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

20. Massaro has applied the same employment policies, practices, and procedures to all its Electricians who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

21. Upon information and belief, at all time herein relevant, the annual gross volume of sales made or business done of Massaro Electric was not less than $500,000.00.

*John Massaro*

22. Upon information and belief, JOHN MASSARO is a resident of the State of New York and has an actual place of business located at 879 Nassau Road, Uniondale, NY 11553.

23. Upon information and belief, at all times herein pertinent, JOHN MASSARO has been an officer, director, and/or manager of Massaro Electric.

24. Upon information and belief, and at all times pertinent herein, JOHN MASSARO has signed contracts on behalf of Massaro Electric and listed himself as either Principal and/or Officer.

25. The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by JOHN MASSARO to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages.

26. At all relevant times, JOHN MASSARO has had power over personnel decisions of Massaro Electric, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

27. At all relevant times, JOHN MASSARO has had power over payroll decisions at of Massaro Electric, including the power to retain time and/or wage records.

28. At all relevant times, JOHN MASSARO has been actively involved in managing the day to day operations of Massaro Electric.

29. At all relevant times, JOHN MASSARO has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

30. At all relevant times, JOHN MASSARO has had the power to transfer the assets and/or liabilities of Massaro Electric.

31. At all relevant times, JOHN MASSARO has had the power to enter into contracts

on behalf of Massaro Electric.

32. At all relevant times, JOHN MASSARO has had the power to close, shut down, and/or sell Massaro Electric.

33. JOHN MASSARO is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

34. JOHN MASSARO owns at least 10% of each the outstanding shares of Massaro Electric.

35. JOHN MASSARO was served with a notice pursuant to New York Bus. Corp. Law §630 prior to the filing of this complaint.

### *JURISDICTION AND VENUE*

36. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus.

37. This Court also has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

38. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

39. Venue is based upon 28 U.S.C. § 1391 (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

### **COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiff seeks to bring this suit to recover overtime compensation and liquidated

damages from Defendants under the applicable provisions of the FLSA, 29 U.S.C. §216(b), on their own behalf as well as on behalf of those in the following collective:

> **FLSA Collective:** Current and former employees of Defendants who, at any time within three years prior to filing date of this Collective and Class Action Complaint through the date of final disposition ("Collective Period"), worked for the Defendants as non-exempt Electricians, who elect to opt-in, and were subject to Defendants' policy and pattern or practice of failing to properly pay (a) for all hours worked and; (b) premium overtime compensation for all hours worked beyond 40 per week.

41. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate the Plaintiff and the putative FLSA Collective Members ("Collective Members").

42. Consistent with Defendants' policy and pattern or practice, the Plaintiff and the Collective Members have not been paid for all hours worked.

43. Consistent with Defendants' policy and pattern or practice, the Plaintiff and the Collective Members have not been paid premium overtime compensation for all hours worked beyond 40 in any single work week.

44. All of the work that the Plaintiff and the Collective Members have performed involved tasks that have been assigned by Defendants, and/or Defendants have been aware of all of the work that they have performed.

45. Defendants have exercised sufficient supervision, direction and control over the Plaintiff and Collective Members by, *inter alia*, (1) assigning them job duties and responsibilities; and (2) controlling all of the terms and conditions of their employment, including their compensation, as well as policies and practices they were required to follow.

46. As part of their regular business practices, Defendants have intentionally imposed unlawful policies and practices upon the Named Plaintiff and the Collective Members, which include, but are not limited to:

   a) willfully failing to pay them premium overtime wages for all hours worked

in excess of 40 hours per workweek; and

  b) willfully failing to record all of the time that they have worked for the benefit of the Defendants; and

  c) willfully directing the preparation and distribution of paystubs omitting the number of hours that each employee worked during the pay period; and

  d) deducting some time each week from the number of hours actually worked by each employee, and then multiplying that number of hours by the straight time rate.

  e) willfully coercing, using the threat of firing, employees to sign acknowledgement letters acknowledging the employees was not required to come into work, when in fact the employee was.

47. Defendants' unlawful conduct pled herein constitutes a corporate policy or practice of minimizing labor costs by failing to properly compensate the Plaintiff and the Collective Members for all hours and the overtime hours they have worked.

48. Defendants are aware or should have been aware that Federal law required them to pay the Plaintiff and the Collective Members overtime premiums for all hours worked and all hours worked in excess of 40 per workweek.

49. The Named Plaintiff and the Collective Members perform or performed the same or similar primary duties.

50. Defendants' unlawful conduct has been systematic, widespread, repeated, and consistent.

51. There are many similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

52. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

53. The Named Plaintiff brings this action as a Class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following defined Classes:

> **"Rule 23 Class":** Electricians employed by the Defendants at any time within six years prior to the filing date of this Class action complaint through the date of final disposition ("Class Period") of this action and who were subject to Defendants' policy and pattern or practice of (i) manually reducing their hours, thereby denying them compensation for all hours and all overtime premiums for all of the hours they worked in excess of 40 hours per week; (ii) improperly paying them at straight time for overtime hours; (iii) failing to provide proper wage notices and keep proper records as required by the NYLL; and/or (iv) failing to provide annual wage notices as required by the NYLL.

54. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individuals who have, or who at any time during the class period had, a controlling interest in Defendants, and all persons who shall submit timely and otherwise proper requests for exclusion.

55. The Members of the Rule 23 Class are so numerous that joinder of all Members is impracticable. Upon information and belief, the size of the Rule 23 Class is over 50 individuals. Although the precise number of such employees is unknown, the data necessary to ascertain this

with precision is within the exclusive possession and control of the Defendants.

56. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief appropriate or corresponding declaratory relief with respect to the Rule 23 Classes as a whole.

57. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a. Whether Defendants unlawfully required Members of the proposed class to work off the clock, thereby denying them overtime premiums under the NYLL;

b. Whether Defendants unlawfully reduced the number of hours the Members worked in their own payroll system;

c. Whether Defendants unlawfully failed to pay appropriate overtime compensation to Members of the proposed class in violation of NYLL;

d. Whether Defendants employed Plaintiff and the proposed class within the meaning of New York law;

e. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Named Plaintiff and the proposed class;

f. Whether Defendants failed to furnish the Named Plaintiff and the proposed class with annual wage notices, as required by the NYLL;

g. Whether Defendants failed to furnish the Named Plaintiffs and the proposed class Members with proper wage statements with every payment of wages, as required by the NYLL;

h. Whether Defendants' policy of failing to pay the Named Plaintiffs and Class

Members was instituted willfully or with reckless disregard of the law; and

i. The nature and extent of class-wide injury and the measure of damages for those injuries.

58. The claims of the Plaintiff is typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and all of the Rule 23 Class Members work, or have worked, for Defendants as Warehouse Workers. Plaintiff and the Rule 23 Class Members enjoy the same statutory rights under the NYLL, including the right to be appropriately compensated for all hours worked, to be paid overtime compensation, and to receive legally required wage notices. Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

59. Plaintiff will fairly and adequately represent and protect the interests of the Members of the Rule 23 Class; understands that as Class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately; recognizes that as Class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests; understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class; recognizes that any resolution of a Class action must be in the best interests of the Class; and understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with Class counsel, and testify at depositions and/or trial. The Named Plaintiff has retained counsel competent and experienced in complex Class actions and employment litigation. There is no conflict between the Plaintiff and the Rule 23 Class Members.

60. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden that this litigation will require. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments with respect to Defendants' practices.

61. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

62. Consistent with their policies and patterns or practices as described herein, Defendants harmed the Named Plaintiff, individually, as follows:

*Justo Castillo*

63. Defendants did not pay Castillo the proper overtime compensation for all of the time that he was suffered or permitted to work each workweek.

64. Throughout the duration of his employment with Defendants, Castillo received weekly paychecks accompanied by paystubs from Defendants that did not show the number of hours he worked during the pay period.

65. Throughout his employment with the Defendants, Plaintiff Castillo worked Monday through Thursday, inclusive, from 6:00AM until approximately 3:30PM on most days,

and occasionally later.

66. Mr. Castillo often skipped lunch because he had required duties to complete for the day and that required working through lunch.

67. From the beginning of the statutory period until on or about February 2017 Plaintiff Castillo was paid $30.00 per work hour.

68. From on or about February 2017 until the end of the employment relationship, Plaintiff Castillo was paid $35 per hour.

69. Defendants suffered or permitted Castillo to over 40 hours per week but failed to compensate him for overtime premium of one and one half his regular rate of pay for all of those hours.

70. Defendants suffered or permitted Castillo to work hours for which he was not paid for.

71. Defendants routinely required Castillo to start his work day at the company's central location and, at other times, Castillo would have to start his work day at the company's central location in order to perform his assigned duties. Defendants did not compensate Plaintiff for any of this time, referring to it as "shop time."

72. Likewise, Defendants routinely required Castillo to travel from one site to another, but not pay him for this time, calling it travel time.

73. Defendants practice was to take Plaintiff Castillo's time sheet and alter them to show lower hours worked each week. This allowed Defendants to not pay Plaintiff Castillo for all hours worked, and at the proper hourly rate, i.e., overtime premium of one and one half his regular rate of pay, as required for all hours worked over 40 in a week.

74. Throughout the duration of his employment Castillo received paystubs from Defendants which did not show all of the hours he worked.

75. Upon information and belief, Defendants failed to keep accurate records of wages earned or of the hours worked by Castillo.

76. Defendants failed to furnish Castillo with proper annual wage notices, as required by the NYLL.

77. Defendants falsified records in their wages to avoid paying for all hours worked by, inter alia, routinely reducing the number of hours worked as reflected on the employee-prepared timesheets and routinely reducing the total hours worked to 40 and calling the remainder of the hours "shop time" or "travel time" that according to Defendants is not subject to overtime compensation.

78. On various occasions throughout the statutory period, in response to Defendants' routine altering of time records, Plaintiff Castillo and other employees complained that they were being required to work but not paid for all hours. Defendants ignored these complaints and continued their wrongful practices.

79. Defendants required Plaintiff and other employees to sign a notice acknowledging that the employee was not required to come into work ,when he in fact, Defendants were requiring the employee to come into work.

80. Defendants falsified records also by ordering that Plaintiff and other employees prepare timesheet in a manner that did not reflect all of the hours worked

81. Defendants failed to furnish Castillo with proper wage statements with every payment of wages, as required by the NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY OVERTIME)

82. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiff and the Members of the FLSA Collective.

84. Defendants have failed to pay Plaintiff and the Members of the FLSA Collective overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of 40 per workweek.

85. Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Members of the FLSA Collective.

86. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

87. As a result of Defendants' violations of the FLSA, Named Plaintiff and the Members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## *AS AND FOR A SECOND CAUSE OF ACTION NEW YORK STATE LABOR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (FAILURE TO PAY OVERTIME)*

88. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

89. At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

90. Defendants are joint employers of the Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

91. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

92. Defendants have failed to pay Plaintiff and the Rule 23 Class Members the overtime wages to which they were entitled under the New York Labor Law.

93. By Defendants' failure to pay the Plaintiff and the Rule 23 Class Members' premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

94. Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION NEW YORK STATE LABOR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (FAILURE TO PROVIDE PROPER ANNUAL WAGE NOTICES)

95. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

96. Upon information and belief, Defendants have willfully failed to furnish the Named Plaintiff and the Rule 23 Class Members with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

97. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class Members with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

98. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars for each work day

that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### *AS AND FOR A FOURTH CAUSE OF ACTION NEW YORK STATE LABOR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (FAILURE TO PROVIDE PROPER WAGE STATEMENTS)*

99. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

100. Defendants have willfully failed to furnish Plaintiff and the Rule 23 Class members with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

101. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

102. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as

provided for by NYLL, Article 6, § 198(1-d).

***AS AND FOR A FIFTH CAUSE OF ACTION***
*New York Labor Law – Retaliation*

103. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

104. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 65l.

105. Defendants fired Plaintiff in retaliation seeking to enforce his right to proper compensation under state and federal labor law.

106. During the week of February 5, 2018, counsel for the Plaintiff sent a letter to Defendants seeking to address Defendants' improper labor practices.

107. The letter asked for a copy of relevant wage records in an effort to avoid litigation.

108. In response to receiving the letter, Defendants terminated Plaintiff.

109. Plaintiff has at all time performed his job in a satisfactory manner.

110. There was no basis for Defendants to terminate Plaintiff.

111. The sole factor in Defendants' decision to terminate Plaintiff was that Plaintiff has sought to enforce his rights to be paid for all hours worked or suffered/permitted to work and to paid the right hourly rate (*ie*. overtime) for all hours worked over 40 in a single workweek.

112. Defendants' retaliatory action violates New York Labor Law§ 215.

113. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

114. Due to Defendants' New York Labor Law violations, Plaintiff incurred damages, including lost wages and distress, and is entitled to compensatory and punitive damages.

## JURY DEMAND

115. Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all Members of the Proposed Collective and Class, pray for relief as follows:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Electricians who are presently working at, or who have worked at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice. Such notice shall inform the Electricians that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B. Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of the Plaintiff as representative of the Rule 23 Class;

E. Designation of undersigned counsel as Class Counsel;

F. Payment of a service award to the Plaintiff in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

G. Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

      H.      Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

      I.      Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars for each Class Member, as provided for by NYLL, Article 6 § 198;

      J.      Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the Members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

      K.      Prejudgment and post-judgment interest;

      L.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL·

      M.      Reasonable attorneys fees and costs of the action;

      N.      Such other and further relief, in law or equity as this Court may deem appropriate and just.

Dated: New York, New York
      February 12, 2018

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
    Mohammed Gangat, Esq.
    675 3rd Avenue
    Suite 1810
    (718) 669-0714
    mgangat@gangatllc.com

*Attorneys for Plaintiff Justo Castillo and the FLSA Proposed Collective and Rule 23 Proposed Class*