# EXHIBIT A

# CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE

Justo Castillo, on the one hand, and Massaro Electric Corp. and John Massaro, on the other hand, agree that:

1. **Definition of Parties.**

    (a) "Releasors" is defined as Justo and includes his present or former spouse(s), dependents, executors, administrators, heirs, dependents, successors and assigns. If an obligation or right is that of Justo Castillo, he will be referred to as "Castillo"; and,

    (b) "Released Parties" is defined to include John Massaro and Massaro Electric Corp. and its present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, successors and assigns, and its current and former employees, shareholders, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries.

2. **Castillo's Commitments.** In exchange for the promises set forth in paragraph "4" below, Castillo agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims that Castillo has or may have against Released Parties through the date of execution of this Agreement, including the annexed Stipulation of Dismissal. This agreement is contingent upon the Court's approval of this Agreement and dismissal of this action with prejudice.

3. **Mutual General and Unlimited Releases of All Claims.**

    (a) <u>General Release of Claims by Releasors</u>. Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which Releasors have or may have against Released Parties, and also covenant not to file any claim, arbitration or suit and generally and fully waive all claims, and any alleged violation of:

    - The Age Discrimination in Employment Act of 1967;
    - Sections 1981 through 1988 of Title 42 of the United States Code;
    - Title VII of the Civil Rights Act of 1964;
    - The Employee Retirement Income Security Act of 1974;
    - The Sarbanes-Oxley Act of 2002;

1

- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The National Labor Relations Act;
- The Equal Pay Act;
- The Workers Adjustment and Retraining Notification Act;
- The Occupational Safety and Health Act;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act;
- The Family and Medical Leave Act of 1993;
- The False Claims Act;
- The New York Correction Law, including Sections 750-755 thereof;
- The New York State Executive Law (including its Human Rights Law);
- The New York City Human Rights Law;
- The New York State Labor Law;
- The New York False Claims Act;
- The New York wage, wage-payment, wage theft and wage-hour laws;
- Any local or county law, rule or requirement of any kind;
- Any other federal, state or local human rights, discrimination, retaliation, civil rights, benefits, pension, whistleblower, labor, *qui tam* or any other federal, state or local constitution, law, rule, regulation, or ordinance of any kind;
- Any benefit, payroll or other plan, policy or program;
- Any public policy, contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;
- Any amendments to the foregoing laws; and,

- Any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

(b) <u>General Release of Claims by Massaro Electric Corp. and John Massaro.</u> Massaro Electric Corp. and John Massaro knowingly and voluntarily release and forever discharge Releasors of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which Releasors have or may have against Released Parties, and also covenant not to file any claim, arbitration or suit and generally and fully waive all claims.

(c) <u>Governmental Agencies.</u> Nothing in this Agreement prohibits or prevents Castillo from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency, nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Castillo's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Castillo agrees that if such administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies (and all monies paid hereunder shall be a set-off against any relief or recovery).

(d) <u>Collective/Class Action Waiver.</u> If any claim is not subject to a release, to the extent permitted by law, Castillo waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Company or any other Released Parties identified in this Agreement is a party. In the event any class or collective action is brought against Released Parties, which includes or may include Castillo, upon learning of Castillo's inclusion, Castillo immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

4. **Consideration.**

(a) In exchange for the promises made herein by Castillo, including a general release of all claims that Releasors have or may have against Released Parties as of the date of signature, and subject to the terms of the confidentiality covenant and other terms of this Agreement, Massaro Electric Corp. agrees to pay to Castillo the gross total sum of Twenty Six Thousand Two Hundred Fifty Dollars and No Cents ($26,250.00) (the "Payment") within thirty (30) days after the Court approves this Agreement broken down as follows:

i. One check payable to "Justo Castillo" in the amount of $4,245.50, less lawful deductions and tax withholdings which shall be reportable on an IRS Form W-2;

ii. One check payable to "Justo Castillo" in the amount of $12,736.50 as liquidated damages and pain and suffering and physical manifestations caused by emotional distress, which shall be reportable on an IRS 1099; and

3

iii. One check payable to "Law Office of Mohammed Gangat" in the amount of $9,268.00 as payment for attorneys' fees, costs and disbursements, which shall be reportable on IRS Form 1099.

(b) Castillo assumes full responsibility for Castillo's portion of the Settlement Amount of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Castillo under any federal, state, or municipal laws of any kind, with respect to the monies paid by Massaro Electric Corp. to Castillo and/or Castillo's counsel pursuant to this Agreement. Regardless of any tax withholding or other deductions, Castillo must ensure that all of his tax obligations relating to the Payment properly are paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of the Payment, such taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Castillo, who agrees to hold harmless and indemnify Massaro Electric Corp. from any tax-related liability.

(c) The Payment is in consideration of a complete settlement, release and waiver of all claims of any and every kind, including, but not limited to, claims for alleged lost or unpaid wages; benefits; compensation; pain and suffering; attorney's fees; costs; and, any other relief of any kind, known or unknown, asserted or unasserted, that Releasors may have against Released Parties.

5. **No Other Entitlement/Acknowledgments.**

(a) Castillo affirms he: (i) has been paid and has received all compensation, wages, bonuses, commissions, benefits and/or other monies to which he may have been entitled from Released Parties and that no leave (paid or unpaid), compensation, wages, or benefits are due to him from Released Parties; (ii) he has been paid in full for all hours worked; and (iii) is not entitled to any monies, relief or recovery whatsoever, except as set forth in paragraph "4" of this Agreement.

(b) Castillo acknowledges that he does not wish to hold any position with Massaro Electric Corp. now or in the future and, therefore, shall not apply in the future for employment with Massaro Electric Corp.

6. **Non-Admission of Wrongdoing.** Released Parties deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the complaint by or on behalf of Castillo. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Released Parties of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Massaro Electric Corp.'s policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever.

## 7. Confidentiality.

(a) Castillo shall not, except as compelled by law, publicize or disclose to any person the terms of this Agreement. This covenant of confidentiality refers to the terms of this Agreement and Castillo's receipt of the Payment hereunder. Other than as required by law or governmental agency, no such disclosure will be made to anyone by Castillo other than to discuss the terms hereof with his attorney, current spouse and parents or tax advisor (all of whom must first agree not to make any disclosure Castillo himself could not make).

(b) Castillo affirms that, as of the date of execution hereof, he has not told any current or former employee of Massaro Electric Corp. about the terms, conditions of this Agreement or amount to be paid under this Agreement and covenants not to do so.

(c) Castillo understands and agrees that any violation of this covenant of confidentiality found by a Court of competent jurisdiction, whether by Castillo or by an individual to whom limited disclosure is authorized pursuant to Paragraph 7(a), shall constitute a material breach of this Agreement, which will cause Released Parties to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement).

(d) In the event Castillo is compelled by law to provide or disclose information described in this paragraph, notice of such request for disclosure shall be sent promptly (but in no event less than ten (10) business days in advance of any disclosure), via email, to counsel for Massaro Electric Corp. at the following email address: jamiefelsen@mllaborlaw.com.

## 8. Non-Disparagement.
Castillo agrees not to defame, disparage or demean Released Parties in any manner whatsoever. Castillo understands and agrees that any violation of this paragraph shall constitute a material breach of this Agreement which will cause Released Parties to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement) should a Court of competent jurisdiction find either party in breach.

## 9. Breach

It is agreed that should a court of competent jurisdiction find that Castillo violated either paragraphs 7 or 8 of this Agreement, Castillo shall pay to Massaro Electric Corp. as liquidated damages, and not in the form of a penalty, 35% of his settlement award identified in paragraph 4(i) and (ii) of this agreement in addition to reasonable attorneys' fees and costs.

## 10. Severability and Modification.
If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so. If such interpretation or modification is not possible,

such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

11. **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a judge sitting without a jury in the Supreme Court of New York State, New York County, to ensure rapid adjudication of any such claims and proper application of existing law.

12. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Breach.** In the event that any party to this Agreement commences an action, at law or in equity, to enforce any right under this Agreement, or to compel compliance with any provision of this Agreement, the Parties covenant and agree that the prevailing party in any such action (whether the initiating or responding party) shall be entitled to recover reasonable attorneys' fees and costs incurred in connection with such action.

14. **Section Headings**. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

15. **Entire Agreement**.

(a) This Agreement represents the complete understanding among the Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Releasors may have against Released Parties;

(b) No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only as provided in paragraph 10, above, or by a written document, signed by Castillo and an authorized representative or representatives of Massaro Electric Corp. that recites the specific intent to modify this Agreement;

(c) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(d) Castillo acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

16. **Competence to Waive Claims.** Castillo is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Castillo is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

17. **Execution.**

    (a) The meaning, effect and terms of this Agreement have been fully explained to Castillo by his counsel, Law Office of Mohammed Gangat. Castillo fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties;

    (b) Castillo confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Massaro Electric Corp. to execute this Agreement;

    (c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Released Parties, and Massaro Electric Corp. will not be obligated to provide the Payment until after Castillo and an authorized agent of Massaro Electric Corp. executes the Agreement; and

    (d) Castillo acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to a released claim. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, JUSTO CASTILLO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: May 8, 2019         By: _____
                                Justo Castillo

STATE OF NEW YORK  )
                   ) ss.:

7

COUNTY OF Suffolk )

On the 8 day of May in the year 2019, before me, the undersigned notary public, JUSTO CASTILLO personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

JODI A MABEY
Notary Public - State of New York
NO. 01MA6303714
Qualified in Nassau County
My Commission Expires May 19, 2022

_Jodi A Mabey, Notary_
Signature and Office of individual taking acknowledgment

Dated: _____, 2019      By: _____
                                      MASSARO ELECTRIC CORP.
                                      John Massaro, President

Dated: _____, 2019           _____
                                      John Massaro, Individually

8

**16. Competence to Waive Claims.** Castillo is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Castillo is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

**17. Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Castillo by his counsel, Law Office of Mohammed Gangat. Castillo fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties;

(b) Castillo confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Massaro Electric Corp. to execute this Agreement;

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Released Parties, and Massaro Electric Corp. will not be obligated to provide the Payment until after Castillo and an authorized agent of Massaro Electric Corp. executes the Agreement; and

(d) Castillo acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to a released claim. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, JUSTO CASTILLO FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2019     By: _____
                                    Justo Castillo

STATE OF NEW YORK    )
                     ) ss.:

COUNTY OF _____ )

   On the _____ day of _____ in the year 2019, before me, the undersigned notary public, JUSTO CASTILLO personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                Signature and Office of individual
                taking acknowledgment

                MASSARO ELECTRIC CORP.

Dated: _____, 2019  By: _____
                John Massaro, President

Dated: _____, 2019     _____
                John Massaro, Individually

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUSTO CASTILLO,

                      Plaintiff,

    -against-

MASSARO ELECTRIC CORP. and
JOHN MASSARO,

                      Defendants.
-------------------------------------------------------------X

Civil Case No.: 18- 936 (SJF)(ARL)

**STIPULATION OF DISMISSAL**

      IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party.

Dated: New York, New York
       April __, 2019

**LAW OFFICE OF
MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.
675 3rd AAvenue, Suite 1810
New York, NY
(212) 669-0714 (office)
mgangat@gangatllc.com

*Attorneys for Plaintiff*

Dated: Lake Success, New York
       April __, 2019

**MILMAN LABUDA LAW GROUP PLLC**

_____
Jamie S. Felsen, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
jamiefelsen@mllaborlaw.com

*Attorneys for Defendants*

**SO ORDERED:**

_____
Sandra J. Feuerstein U.S.D.J.

9